IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**MARK D. BRULL,**

                    Petitioner,

      v.                                  CASE NO. 09-3195-RDR

**STATE OF KANSAS, et al.,**

                    Respondents.


**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for writ of habeas crus under 28 U.S.C. § 2241, filed pro se by a person adjudicated to be a Sexually Violent Predator (SVP) pursuant to the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 *et seq.*. Petitioner was civilly committed under Kansas law, and is currently detained in the Kansas Sexual Treatment Program at Larned State Hospital, Larned, Kansas.[1] Also before the court are petitioner's motion to proceed in forma pauperis (Doc. 2), motion to appoint counsel (Doc. 3), and motions for issuance of summons and for service of summons by the United States Marshal Service (Docs. 4 and 5). Having considered all materials filed, the court enters

---

[1] This action originated on a petition listing both Dustin J. Merryfield and Mark D. Brull as petitioners in a single case. Generally, habeas corpus acts upon the body fo the petitioner and is filed by a single person. The grounds for relief alleged in the petition are not based on the same facts for both petitioners. For this reason, the court instructed the clerk fo the court to copy the petition and file a separate action on behalf of each petitioner. Accordingly, this matter proceeds a the petition of Mark D. Brull only, and allegations not relevant to Mr. Brull's claims are not considered.

the following findings and order.

**MOTION TO PROCEED IN FORMA PAUPERIS**

Petitioner's motion to proceed in forma pauperis is supported by a financial affidavit indicating that when he filed this action he had no income other than weekly gifts of $20, and approximately $100 cash on hand. Based on these limited financial resources, the court grants petitioner leave to proceed herein without prepayment of the $5.00 district court filing fee in this habeas corpus action.

**MOTIONS FOR COUNSEL, SUMMONS, AND SERVICE**

Petitioner's motion for appointment of counsel is denied without prejudice. There is no constitutional right to appointment of counsel in federal habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Instead, appointment of counsel is within the court's discretion. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F.3d 332 (10th Cir.1994). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted. See *Long v. Shillinger*, 927 F.2d 525, 526-27 (10th Cir.1991)(stating factors to be considered in deciding motion for appointment of counsel).

Petitioner's motions for summons to issue and for service of summons by the United States Marshal Service are also denied. This action was not filed as a civil complaint requiring service of summons. In habeas proceedings, a show cause order is issued to respondent if the court determines a responsive pleading is required. Having reviewed petitioner's allegations, the court finds no responsive pleading is necessary.

**PRELIMINARY HABEAS REVIEW**

Under the Rules Governing Section 2254 Cases in the United States District Courts, the court is to review and summarily dismiss a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief..." Rule 4. Said rules may be applied at the court's discretion to habeas petitions, such as the present one submitted under 28 U.S.C. § 2241. *See* Rule 1(b); *Boutwell v. Keating*, 399 F.3d 1203, 1207 n. 2 (10th Cir.2005).

**DISCUSSION**

A habeas petition must specify all grounds for relief, and state facts supporting each ground. See Rule 2 of Rules Governing Section 2254 Cases. In the instant petition, it appears the claims and facts can be sorted into two distinct categories.

*A. Criminal Prosecution in State Courts*

First, petitioner apparently seeks the federal court's intervention to prevent criminal charges from being filed against him based upon contraband seized from petitioner's room at the Larned facility in December 2008. Petitioner cites a continuing investigation of that incident and complains of restrictions on his privileges, but identifies no criminal charges actually filed. Instead, petitioner broadly contends criminal commitment of a mentally ill person would be unconstitutional and inconsistent with the rehabilitative and treatment objectives of the KSVPA.

A federal district court has jurisdiction to entertain petitions for habeas corpus relief for persons who are in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490

(1989). The proper respondent in a § 2241 proceeding is "the person who has custody over petitioner." *Rumsfeld v. Padilla*, 543 U.S. 426, 435-42 (2004). In the present case, petitioner's complaint of possible future prosecution does not satisfy the "in custody" requirement for seeking habeas corpus relief regarding possible future criminal charges.

Nor has petitioner alleged or demonstrated any valid basis for this court's interference in a state court criminal proceeding even if such prosecution were initiated.

Subject to few exceptions, state courts must be permitted to try state cases free from interference by federal courts. *Younger v. Harris*, 401 U.S. 37, 43 (1971). When federal courts are asked to enjoin pending state court proceedings, "the normal thing to do ... is not issue such injunctions." *Id*. at 44. This general rule of non-interference by federal courts in state court proceedings is known as the Younger abstention doctrine. The Supreme Court has explained that the fundamental policy reason for the abstention doctrine is "comity," which it described as:

> a proper respect for state functions, a recognition fo the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."

*Id*. The abstention doctrine serves to "prevent erosion fo the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." *Id*. at 44. Under *Younger*, a federal court must abstain from interfering with the state proceedings if (1) the state

judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "[T]he mere assertion of a substantial constitutional challenge to state action will not alone compel the exercise of federal jurisdiction." *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989)(citing *Younger*, 410 U.S. at 53).

Thus to the extent petitioner alleges he is "in imminent danger" of being removed from the Kansas Sexual Treatment Program and being placed in prison, and seeks to foreclose this from occurring by obtaining a federal court order to prevent his future prosecution on state criminal charges, petitioner's claims are dismissed without prejudice as either premature or subject to the Younger abstention doctrine.[2]

*B. Conditions of Confinement*

Second, many of petitioner's allegations concern the conditions of his present confinement, which are not appropriate claims in a habeas corpus action.

---

[2]Petitioner also seeks a judicial declaration and damages on a claim that his past incarceration as a mentally ill person was unconstitutional, or that his past civil commitment for criminal conduct was unlawful. Petitioner is advised that damages are not available in habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 487 (1994). Also, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff in a non-habeas action "must prove that the conviction" has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87.

5

A claim brought pursuant to § 2241 attacks the execution of a prisoner's sentence as it affects the fact or duration of the prisoner's confinement. See e.g., *Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir.2004). Generally, an attack on the constitutionality of the conditions of a prisoner's confinement is not cognizable in a habeas corpus proceeding. See *Nelson v. Campbell*, 541 U.S. 637, 643 (2004)("constitutional claims that merely challenge the conditions of a prisoner's confinement ... fall outside [the 'core' of habeas corpus]"); *Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir.2000)("Federal claims challenging the conditions of confinement generally do not arise under § 2241."). To proceed under § 2241, a petitioner must challenge the fact, and not merely the conditions, of his confinement. See *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 812 (10th Cir.1997)("A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement."); *United States v. Furman*, 112 F.3d 435, 439-39 (10th Cir.1997)(challenges to good-time credit and parole procedure go to execution of sentence and should be brought under § 2241; challenges to conditions of confinement and related civil rights allegations should be brought pursuant to civil rights laws).

Thus to the extent petitioner argues his condition, treatment, and rehabilitation as a sexually violent predator would be exacerbated by confinement in a correctional facility without appropriate rehabilitation and treatment, and seeks damages and placement in a private facility for individualized treatment, such

6

allegations clearly address the conditions of petitioner's possible future confinement and are not appropriate in habeas corpus. Accordingly, the court dismisses all such claims without prejudice.

**CONCLUSION**

For the reasons stated herein, the court concludes this action should be summarily dismissed without prejudice as presenting no cognizable claim appropriate for habeas review.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Doc. 3), and motions for issuance of summons for service by the United States Marshal Service (Docs. 4 and 5), are denied without prejudice.

IT IS FURTHER ORDERED that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 22nd day of September 2010 at Topeka, Kansas.

      s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge